UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE SCOTT,
ADC #70908                                                                                            PLAINTIFF

V.                               5:16CV00069 SWW/JTR

RAYMOND NAYLOR,
Disciplinary Hearing Administrator, ADC, et al.                         DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff, Willie Scott, is a prisoner in the Ester Unit of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was in the Cummins Unit.

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that, on February 9, 2011, he was wrongfully convicted of an unspecified disciplinary charge resulting from him touching his cell mate's leg. *Docs. 2 & 5.* As punishment, Plaintiff: (1) spent thirty days in punitive isolation; (2) was reduced to Class 4, making him ineligible to earn future good time credits for one year; (3) was transferred to the Varner Super Max Unit ("VSM"); and (4) lost 6,214 days of earned good time credits. *Id.* On January 29, 2015, that disciplinary conviction was reversed due to the discovery of unspecified "new information." *Doc. 5 at 11.*

Plaintiff contends that Defendants violated his due process rights by wrongfully convicting him of the February 9, 2011 disciplinary. Plaintiff may bring a due process challenge to his disciplinary proceedings only if the punishment he received was

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or © seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

sufficient to create a "liberty interest." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

Plaintiff did not have a liberty interest in maintaining his classification level, even when the reduction resulted in his inability to earn future good time credits.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990); *Franklin v. Hobbs,* 2011 WL 2160592 at * 6 (E.D. Ark. May 5, 2011). He also did not have a liberty interest in avoiding temporary placement in punitive isolation.  *See Phillips,* 320 F.3d at 847; *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002).

The Eighth Circuit has not resolved whether Arkansas prisoners have a liberty interest in avoiding transfer to the Varner Super Max Unit.[2]  *See Wilkinson v. Austin*, 545 U.S. 209, 223-25 (2005) (holding that, in some instances, a prisoner may have a liberty interest in avoiding confinement in a super max facility). However, even if the Court presumes that such a liberty interest exists, Plaintiff's claim fails -- as a matter of law -- because he received notice, a hearing, written findings, and an appeal prior to his transfer to the VSM, which is all that due process requires. *Id., see also Griggs*

---

[2] Plaintiff alleges that, while he was in the VSM, he spent 154 days in an administrative segregation cell without air conditioning. However, neither rises to the level of a constitutional violation. *See Hemphill v.Delo,* Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding no liberty interest in avoiding placement in administrative segregation for 290 days); *Cotton v. Hutto*, 540 F.2d 412, 414 (8th Cir. 1976) (hold that prisoners do not have a constitutional right to air conditioning).

*v. Norris*, Case No. 07-1933, 2008 WL 4821633 (8th Cir. Nov. 7, 2008) (unpublished opinion).

Finally, it is unclear whether an Arkansas prisoner has a federally protected liberty interest in keeping his earned good time credits. *See Wolff v. McDonnell,* 418 U.S. 539, 555-58 (1974); *McKinnon v. Norris*, 231 S.W.3d 725, 729-30 (Ark. 2006). However, the issue is immaterial to this case because Plaintiff *admits* that his taken good time credits were restored, in 2015, when his disciplinary conviction was reversed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.   Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.   The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 8th day of April, 2016.

                                              UNITED STATES MAGISTRATE JUDGE